United States District Court
Southern District of Texas
**ENTERED**
March 10, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **MARTHA DE LA MERCEDES LEON-MORA,** § § § | |
| Petitioner, § § | |
| VS. § | CIVIL ACTION NO. 5:26-CV-00146 |
| § § | |
| **DIRECTOR,** *et al.*, § § | |
| Respondents. § | |

# ORDER

Pending before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), filed by next of friend Oswaldo Milton Burgos Castro on behalf of his long-term domestic partner Martha De la Mercedes Leon-Mora ("Petitioner") challenging the lawfulness of her detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS) and the decision to remove her to a third country pursuant to an Asylum Cooperative Agreement (ACA).

## Background

Petitioner filed her Petition for Writ of Habeas Corpus on February 2, 2026. (Dkt. 1.) Petitioner is a native and citizen of Ecuador. (Dkt. 1 at 4.) She entered the United States in April of 2024 and was apprehended shortly after entry in the interior. (*See* Dkt. 1 at 4; Dkt. 13 at 2.) Petitioner was placed in expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) and then expressed fear of return to Ecuador and passed a credible fear interview with a US Citizenship and Immigration Services (USCIS) officer. (*See* Dkt. 1 at 4; Dkt. 13 at 2, Attach. 3.) Petitioner was issued a Notice to Appear (NTA) placing her into removal proceedings and subsequently released

from custody on parole. (*See* Dkt. 1 at 4; Dkt. 13 at 2, Attach. 2.) On November 21, 2025, Petitioner attended a regularly scheduled check-in with ICE where she was apprehended and detained by immigration officials. (Dkt. 1 at 4; Dkt. 13 at 2.) Petitioner states that she complied with all conditions of her parole prior to her reapprehension. (Dkt. 1 at 4.) Petitioner was taken to the Laredo Processing Center in Laredo, Texas where she remains currently detained. (*See id.*)

On January 13, 2026, Petitioner had a master calendar hearing before an IJ where DHS moved to pretermit her application for asylum, withholding or removal, and protection under the Convention Against Torture (CAT) to Ecuador. (Dkt. 13 at 3, Attach. 5.) The IJ partially granted the motion and held the remainder in abeyance until January 26, 2026, to allow DHS and Petitioner time to file any responses and evidence related to DHS' motion by January 24, 2026. (*Id.*) On January 26, 2026, Petitioner had a master calendar hearing and was ordered removed to Honduras under the ACA. (*Id.*; Dkt. 1 at 4.) Petitioner states that she was not allowed to speak at the hearing or present evidence of her fear of torture in Ecuador or in Honduras to the IJ. (Dkt. 1 at 4; Dkt. 13 at 3, Attach. 6.) Petitioner reserved appeal of the IJ's decision. (*See* Dkt. 13, Attach. 6 at 4.)

Petitioner brings several claims before the Court. First, she argues that Respondents decision to remove her to Honduras pursuant to an ACA violated her rights under the CAT and her rights under the Due Process Clause of the Fifth Amendment because she did not have a meaningful opportunity to be heard at her merits hearing before the Immigration Judge (IJ) and has no meaningful ties to Honduras. (Dkt. 1 at 6.) Second, Petitioner argues that she is detained in violation of her rights under the Due Process Clause of the Fifth Amendment because her parole was revoked without any reason or change in circumstances despite her compliance with its conditions. (*Id.*) She asks the Court to order her immediate release from custody, issue an emergency stay of removal, order that she receive a full hearing on her asylum and CAT claims to

Ecuador, and declare that her removal order to Honduras violates her rights under the CAT and under the Constitution. (*Id*. at 6.)

The Court ordered the Respondents to respond to Petitioner's petition. (Dkt. 5.) Respondents filed a timely response on February 6, 2026. (Dkt. 13.) The Court later ordered Respondents to respond directly to Petitioner's claim that her redetention violated her due process rights, and Respondents filed a separate response addressing this claim. (Dkts. 14, 17.) While the petition and Respondents' motion for summary judgment remained under advisement, the Petitioner's 30-day time period to appeal her order of removal to the Board of Immigration Appeals (BIA) expired, and the Court sought additional information from the parties as to whether Petitioner had filed a timely appeal in order to determine whether her removal order had become final. (*See* Dkts. 20, 23, 24, 25, 26, 32.) Petitioner asserts that she mailed a timely appeal to the BIA. (Dkts. 23, 24, 26.) The Court takes judicial notice of the fact that Petitioner's appeal was timely received by the BIA on February 19, 2026, indicating that her appeal remains pending and that she is not subject to a final order of removal as of the date of this Order. *See* EOIR, Automated Case Information System, available at: https://acis.eoir.justice.gov/en/ (last accessed Mar. 9, 2026).

## Discussion

The Court now turns to Petitioner's claim that the revocation of her parole and redetention by DHS without an individualized determination violates her due process rights brought in Count IV of her petition. (Dkt. 1 at 6.) In response to her detention claim, Respondents argue that that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1) because she is a noncitizen who was placed into expedited removal proceedings and was later released from custody on parole and then reapprehended. (*See* Dkt. 13 at 5, 9; Dkt. 17 at 3–5.) Respondents also

argue in the alternative that if the Court does not find that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1), Petitioner's detention instead falls under the "catchall provision" in 8 U.S.C. § 1225(b)(2) that also mandates detention for all other applicants for admission. (Dkt. 13 at 5, 9; Dkt. 17 at 3–5.) Petitioner filed a reply arguing among other things that she is entitled to immediate release based on the violation of her due process rights in revoking her release without an individualized determination of the need for detention. (Dkt. 34 at 5–6.)

On February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, — F.4th —, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at *4. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at *9.

Upon review of Petitioner's case, the Court finds that Petitioner's detention claim presents nearly identical legal questions to those previously considered by the Court in *Strunin v. Garcia*, 5:26-cv-00106, Dkt. No.27 (S.D. Tex. Mar. 3, 2026), in which the Court determined that the petitioner's redetention by ICE violated his rights under the Due Process Clause. Because Petitioner's procedural due process claim for the revocation of her parole is materially indistinguishable from the claim considered by the Court in *Strunin* and because Respondents have failed to offer controlling precedent that would justify reaching a different result in this case, the Court is unpersuaded to alter its prior analysis of the issue. In accordance with its prior analysis,

the Court holds that because Petitioner is a noncitizen who was paroled into the United States and has since established ties through her residency, the Due Process Clause of the Fifth Amendment guarantees Petitioner an individualized assessment of her flight risk and dangerousness and an opportunity to respond prior to redetention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory redetention of noncitizens who have been granted parole and subsequently established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Torres v. Hermosillo*, 2026 WL 145715, *5 (W.D. Wash. Jan. 20, 2026) (collecting cases); *Rincon v. Hyde*, 2025 WL 3122784, *2 (D. Mass. Nov. 7, 2025); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 147, 151 (W.D.N.Y. 2025); *Rodriguez v. Bondi*, 3:26-cv-292 (W.D. Tex. Feb. 25, 2026).

Thus, the Court holds that because Petitioner's detention violates her rights under the Due Process Clause of the Fifth Amendment, she is entitled to equitable relief and that the appropriate remedy is Petitioner's immediate release from custody with additional safeguards against redetention. At this time, the Court reserves its ruling on Petitioner's additional claims in Counts I, II, and III of her petition challenging her removal to Honduras pursuant to an ACA and will address those claims at a later time.

## CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED IN PART** as to Count IV. Respondents' Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkts. 13), is **DENIED IN PART** as to Petitioner's detention claim.

1. Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2. **Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention and <u>provide Petitioner with a copy of this Order upon her release from custody.</u>**

3. If Petitioner is redetained, all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

4. Within three weeks of the date of this Order, Petitioner shall **FILE** an advisory with the Court indicating whether she intends to continue forward with her claims in Counts I, II, and III, in light of the relief that has been granted by the Court. If the Court does not receive an advisory from Petitioner, the Court may consider her additional claims abandoned in light of the relief already granted.

5. The Court's prior Order dated February 3, 2026, (Dkt. 5), prohibiting Respondents from transfering Petitioner outside of this Court's jurisdiction or removing Petitioner from the United States while her habeas petition remains pending is hereby **DISSOLVED**.

6. Finally, the Clerk of Court is **DIRECTED** to mail Petitioner a copy of this Order by any receipted means to the following address:

> **Oswaldo Milton Burgos Castro**
> **3713 W Northgate Dr**
> **Apt 705**
> **Irving, TX 75062**

The Clerk of Court is also **DIRECTED** to email Petitioner's next of friend a copy of this Order at luordesalemanlima@gmail.com.

IT IS SO ORDERED.

SIGNED this March 10, 2026.

                                                                Diana Saldaña
                                                                United States District Judge